## ELIZA PIKE, ET AL., *v.* SALLIE A. PIKE, ET AL.

**Dower—Widow's Right to.**

> The widow's right to dower in her late husband's real estate cannot be defeated by the assertion of others that such real estate was in fact held in trust for them, where there is nothing of record showing any such trust, and where the widow had no notice or knowledge of any such secret trust.

### APPEAL FROM MARION CIRCUIT COURT.

June 27, 1877.

OPINION BY JUDGE LINDSAY:

The alleged liens which the appellants are now seeking to enforce against the tract of land to which Joseph Pike, deceased, held the legal title, at the time of his marriage, do not appear from the face of his deed, nor were they at any time matters of public record, and it is not pretended that Sallie Pike, his widow, had actual notice of their existence at the time of their marriage. And as marriage is regarded in law as a valuable consideration it may very well be doubted whether her legal rights can be affected, even if the appellants shall

in the end be able to establish the existence of their alleged equities. But, however this may be, the action of the chancellor in allotting to Sallie Pike dower out of the land was proper upon the pleadings of appellants.

They do not claim that Joseph Pike bid in this land at commissioner's sale under a contract or agreement with them that they were to be joint owners with him. They say that: "Said purchase was made for them jointly, and that they (appellants) intended to remain in said house with him under the belief that they were joint owners thereof with him." They then change their ground and state that "under some erroneous advice (they) executed receipts for their respective shares without receiving one cent thereof, but none of them relying on his (Joseph's) promise to pay them," and they conclude by stating that though he has paid some of the heirs he has paid them (appellants) nothing.

The averment that said purchase was made for Joseph and these two appellants jointly is but a mere deduction. Its correctness depends upon whether he agreed to purchase in this way, and, as we have already seen, there is no allegation that any such agreement was made. The understanding and belief of appellants can avail them nothing, for the simple reason that such understanding and belief may have rested on an insufficient foundation.

Without deciding as to the rights of the appellants to have their claims against their deceased brother's estate, arising out of their receipting to the commissioner and receiver for their shares of the purchase money due on the land in question as lien claims, we do hold that they cannot be regarded as superior or equal to the rights of the widow to be endowed, according to the provisions of the statute, out of the lands of which her husband was seized in fee at the time of her marriage.

Having the right to dower the widow was entitled to the undisturbed possession of the mansion house and curtilage until dower was assigned her, and therefore the temporary injunction sued out to prevent the unlawful and continuous interference of appellants with her enjoyment of this statutory right was proper.

The judgment allotting dower and perpetuating said order of injunction is *affirmed.*

*C. S. Hill, Russell & Arnett, for appellants.*

*Rountree & Thomas, for appellees.*